United States District Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME PALACIOS ESQUIVEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3131 |
| | § | |
| RAYMOND THOMPSON,[1] | § | |
| | § | |
| Respondent. | § | |

## ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL

The petitioner, Jaime Palacios Esquivel, filed a petition for a writ of habeas corpus to challenge his detention by United States immigration authorities. He now moves to voluntarily dismiss his petition.

Motions for voluntary dismissal should be freely granted unless the non-moving party will suffer prejudice other than the prospect of a second lawsuit. Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 318 (5th Cir. 2002) (citing Manshack v.

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

<u>Southwestern Elec. Power Co.</u>, 915 F.2d 172, 174 (5th Cir. 1990)). The petitioner states that he has been granted voluntary departure and will leave the United States. Therefore, voluntary dismissal will cause no prejudice.

Accordingly, the motion (Docket Entry No. 5) is **GRANTED,** and this case is **DISMISSED WITHOUT PREJUDICE.**

**SIGNED** at Houston, Texas, on this ___*15th*__ day of May, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE